UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL E. MOCKOVAK,

        Petitioner,

   v.

RON HAYNES,

        Respondent.

Case No. C18-671-JLR-MLP

ORDER GRANTING MOTION TO LIFT STAY

On July 31, 2018, the Court stayed this 28 U.S.C. § 2254 habeas action to allow Michael E. Mockovak ("Petitioner") to exhaust his state remedies. (Dkt. # 10 at 1.) Petitioner's state court proceedings have now concluded. (Dkt. # 21 at 5.) Therefore, Petitioner now moves the Court to: (1) lift the stay; (2) to grant leave to file an amended petition within the next 30 days; (3) to enter a new scheduling order directing Ron Haynes ("Respondent") to file an answer to the amended petition within 30 days of its filing; (4) to direct Respondent to state in his answer whether Respondent opposes Petitioner's request for an evidentiary hearing; and (5) to grant leave to conduct discovery. (Dkt. # 22 at 1.)

ORDER GRANTING MOTION TO LIFT STAY - 1

Petitioner additionally requests that Respondent file the state court record within 30 days of the date Respondent answers the amended petition.[1] (*Id.* at 1-2; Dkt. # 24 at 1.) Respondent does not object to lifting the stay or to the schedule proposed by Petitioner. (Dkt. #23 at 1.) However, Respondent believes the state court record referenced by Petitioner's request is the trial transcripts and not "various pleadings, exhibits, or other documents that often are filed in the trial court prior to, during, and after trial." (*Id.* at 1-2.) Petitioner's reply argues that the "transcripts" required by Rule 5 should include the transcripts of five recorded conversations between an FBI informant and Petitioner that were admitted at trial and all declarations filed in support of Petitioner's two personal restraint petitions. (Dkt. #24 at 2-3.) Petitioner additionally seeks to reserve the right to move for further expansion of the state court record should additional pleadings, exhibits, affidavits or declarations become relevant to Petitioner's amended petition. (*Id.* at 4.)

Rule 5 of the Rules Governing Section 2254 Cases in United States District Courts ("Rule 5") obliges a respondent to indicate in his answer what "transcripts of pretrial, trial, sentencing, or post-conviction proceedings are available, when they can be furnished, and what proceedings have been recorded, but not transcribed." Furthermore, Rule 5 requires that a respondent attach to his answer any parts of the transcript that respondent considers relevant in addressing petitioner's habeas action. Under Rule 5, the Court may order that respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished. Accordingly, pursuant to Rule 5, Respondent is required at this time to produce

---

[1] Petitioner specifically requests and identifies the state court record as: (1) *State v. Mockovak*, King County Cause No. 09-1-07237-6 SEA; (2) *State v. Mockovak*, Court of Appeals Cause No. 66924-9-I; (3) *Matter of Mockovak*, Court of Appeals Cause No. 69390-5-I and Court of Appeals Cause No. 74576-0-I; (4) *Mockovak v. King County*, King County Cause No. 14-2-25191-2 SEA; and (5) *Mockovak v. King County*, Court of Appeals Cause No. 74459-3-I.

ORDER GRANTING MOTION TO LIFT STAY - 2

transcripts of pretrial, trial, sentencing, or post-conviction proceedings in the state court record that Respondent considers relevant in addressing Petitioner's habeas petition.

Having considered Petitioner's motion, and the balance of the record, the Court ORDERS:

(1) Petitioner's motion (dkt. # 22) is GRANTED, and the stay (dkt. # 10) is lifted.

(2) Petitioner may file an amended petition within 30 days of the date of this order.

(3) Within *thirty (30) days* of the filing of the amended petition, Respondent shall file and serve an answer in accordance with Rule 5. As part of such answer, Respondent shall state whether Petitioner has exhausted available state remedies and whether an evidentiary hearing is necessary. Respondent shall not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate. Respondent shall file the answer with the Clerk of the Court and serve a copy of the answer on Petitioner.

(4) Within *thirty (30) days* of the filing of his answer to Petitioner's amended petition, Respondent shall file the state court record. The state court record shall include: (1) relevant record of the trial in King County Superior Court (*State v. Mockovak*, King County Cause No. 09-1-07237-6 SEA); (2) relevant record of the direct appeal of the trial in King County Superior Court (*State v. Mockovak*, Court of Appeals Cause No. 66924-9-I); (3) relevant record of the two personal restraint petitions previously brought by Petitioner (*Matter of Mockovak*, Court of Appeals Cause No. 69390-5-I and Court of Appeals Cause No. 74576-0-I); (4) and relevant record of the trial and appellate court proceedings in Petitioner's Public Records Act action (*Mockovak v. King County*, Court of Appeals Cause No. 74459-3-I). Petitioner may move for further expansion of the state court record on the basis that additional pleadings,

exhibits, affidavits or declarations are relevant to the issues to be decided by the Court in this matter.

(5) The answer will be treated in accordance with LCR 7. Accordingly, on the face of the answer, Respondent shall note it for consideration on the fourth Friday after filing. Petitioner may file and serve a response not later than the Monday immediately preceding the Friday designated for consideration of the matter, and Respondent may file and serve a reply not later than the Friday designated for consideration.

(6) <u>Filing by Parties, Generally</u>

All attorneys admitted to practice before this Court are required to file documents electronically via the Court's CM/ECF system. Petitioner shall file all documents electronically. All filings must indicate in the upper right-hand corner the name of the magistrate judge to whom the document is directed.

Any document filed with the Court must be accompanied by proof that it has been served upon all parties that have entered a notice of appearance in the underlying matter. Petitioner shall indicate the date the document is submitted for e-filing as the date of service.

(7) <u>Motions</u>

Any request for court action shall be set forth in a motion, properly filed and served. Pursuant to LCR 7(b), any argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document. The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration on the Court's motion calendar.

(8) <u>Direct Communications with District Judge or Magistrate Judge</u>

1  No direct communication is to take place with the District Judge or Magistrate Judge with
2  regard to this case. All relevant information and papers are to be directed to the Clerk.
3  (9)  The Clerk is directed to send copies of this order to the parties and to the
4  Honorable James L. Robart.
5  Dated this 6th day of May, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge