UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL E. MOCKOVAK,<br><br>               Petitioner,<br><br>  v.<br><br>RON HAYNES,<br><br>               Respondent. | Case No. C18-671-JLR-MLP<br><br>ORDER |

       Currently pending before the Court is Petitioner's "Motion for Acceptance of Over-Length Motion" pursuant to Local Rule 7(f) ("Petitioner's Motion"). (Dkt. # 47.) Petitioner previously filed a Motion for Leave to Conduct Discovery (dkt. # 33) ("Petitioner's Discovery Motion"), which was 20 pages in length. (*See id.*) Respondent's Response to Petitioner's Discovery Motion (dkt. # 40) contends the Court should decline to consider Petitioner's Discovery Motion because Petitioner failed to file a motion for leave to file an over-length motion in advance and because Petitioner's Discovery Motion does not comply with the pages limits established by Local Rule 7(e)(4). (*Id.* at 3.)

       Petitioner's Motion argues that the Court's acceptance of his Discovery Motion is warranted because: (1) Local Rule 7(e) does not apply because habeas motions are exempt from its page limits under Local Rule 100; (2) a motion for leave to conduct discovery is not a Local

ORDER - 1

Rule 7(d)(2) motion; and (3) alternatively, if the 12-page limit does apply, then leave to exceed should otherwise be granted due to the need to develop the history of Petitioner's efforts to obtain information pursuant to *Giglio v. United States*, 405 U.S. 150 (1972). (Dkt. # 47 at 2-4.) Respondent filed a Response to Petitioner's Motion (dkt. # 48).[1]

Here, Petitioner's Motion was filed three weeks after the Discovery Motion was filed and does not accord with the procedures outlined for motions for overlength motions as identified in Local Rule 7(f). Petitioner's Motion was not filed in advance, is more than two pages in length, and failed to request a specific number of additional pages sought. *See* LCR 7(f). Furthermore, Local Rule 100 does not apply to Petitioner's Discovery Motion because it is not a habeas motion filed under 28 U.S.C. § 2255.[2] *See* LCR 100(a). Because a motion for leave to conduct discovery is not a motion specifically listed in LCR 7(d)(1)-(3), it is a Local Rule 7(d)(3) motion, and therefore, Petitioner's Discovery Motion is not in compliance with Local Rule 7(e)(4)'s 12-page limit for such motions. *See* LCR 7(d)(3); LCR 7(e)(4). Nevertheless, the Court finds Petitioner's need to develop the complex background surrounding his Discovery Motion warrants the additional pages sought in this matter. Accordingly, having reviewed Petitioner's Motion, and finding good cause, the Court hereby ORDERS:

(1) Petitioner's Motion (dkt. # 47) is GRANTED. Petitioner's previously submitted over-length motion (dkt. # 40) is accepted. Pursuant to Local Rule 7(f)(4), Respondent is

---

[1] Pursuant to Local Rule 7(f)(3), no opposition to a motion to file an over-length motion shall be filed unless requested by the Court. Accordingly, Respondent's Response to Petitioner's Motion was not considered.

[2] Local Rule 100(a) states "[p]etitions for habeas corpus and motions filed pursuant to 28 U.S.C. § 2255 are not subject [to] LCR 7(d) and (e) unless directed by the Court." Accordingly, the language in Local Rule 100 that exempts "petitions" and "motions" from Local Rule 7(d)-(e) refers to the actual application for habeas corpus relief and not to other subsequent motions filed later in the case.

permitted to file an amended response to Petitioner's Discovery Motion (dkt. # 48) by September 8, 2020, with an additional eight (8) pages authorized, for a total of 20 pages.

(2)  The Clerk is directed to re-note: (1) Petitioner's Motion "Requesting Respondent File a Real Answer and for Other Relief" (dkt. # 31); (2) Petitioner's Discovery Motion (dkt. # 33); and (3) Petitioner's Motion for Extension of Time for Filing Traverse and to Establish Case Schedule (dkt. # 36) for consideration jointly on September 8, 2020.

(3)  The Clerk is directed to send copies of this Order to the parties and to the Honorable James L. Robart.

Dated this 1st day of September, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge